UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALFRED MCZEAL                                                          CIVIL ACTION

VERSUS                                                                 NO. 13-6754

J.P. MORGAN CHASE BANK, NA,
STACY C. WHEAT, LOUIS GRAHAM
ARCENEAUX, GRAHAM, ARCENEAUX
& ALLEN, LLC                                                           SECTION "K"(2)

ORDER AND REASONS

Before this Court is Defendant J.P Morgan Chase Bank's[1] Motion for More Definite Statement Pursuant to Rule 12(e) (R. Doc. 27) and Defendants Louis Graham Arceneaux; Stacy C. Wheat; and Graham, Arceneaux & Allen's[2] Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (R. Doc. 32). Having considered the motions, memoranda, exhibits, record, and applicable law, the Court hereby GRANTS the Motion to Dismiss and the Motion for More Definite Statement for the reasons stated herein.[3]

I.      BACKGROUND

This case arises out of a real estate foreclosure in Lafayette on property owned by the Plaintiff, Alfred McZeal, Jr.,[4] and the Plaintiff's father, Alfred McZeal, Sr. Alfred McZeal, Sr. executed a mortgage with BankOne on June 18, 2004 in conjunction with a promissory note in the amount of $50,000.00. (Def. Mem. Supp. Mot. Dismiss, R. Doc. 32, Ex. 1 ). J.P. Morgan Chase ("Chase Bank") became the holder of the note and mortgage and sought to enforce the mortgage on the property on December 22, 2009, through representative counsel, Defendants Louis Graham Arceneaux, Stacy C. Wheat, and Graham, Arceneaux & Allen, LLC, who filed a

---

[1] Hereinafter "Chase Bank."
[2] Hereinafter "Arceneaux Defendants."
[3] The Court construes Chase Bank's Motion for More Definite Statement under Rule 12(e) as a Rule 12(b)(6) motion, as discussed *infra*.
[4] Hereinafter "McZeal."

1

Petition for Executory Process with the Louisiana Civil District Court of the 15th Judicial District of Louisiana. *Id.*

On January 4, 2010, the Louisiana District Court ordered the issuance of a writ of seizure and sale. (R. Doc. 32, Ex. 2). In response, on April 1, 2010, both McZeal and his father filed an "Injunction to Arrest the Seizure and Sale & T.R.O." (R. Doc. 32, Ex. 4). The Louisiana District Court denied the injunction and the Sheriff sale was rescheduled. (R. Doc. 32, 2). Alfred McZeal, Sr., alone removed that matter to the United States District Court for the Western District of Louisiana; however the Western District remanded the case to the 15th Judicial District Court for the Parish of Lafayette on January 7, 2011. (R. Doc. 32, 2). Thereafter, on September 30, 2013, Alfred McZeal, Jr., a resident of California, filed the instant matter in the United States District Court for the Central District of California, Los Angeles Division. (Compl., R. Doc. 1). On December 19, 2013, the suit was transferred to the Eastern District of Louisiana.

McZeal's Complaint alleges no less than twenty-one separate causes of action and seeks relief in the form of a declaratory judgment as well as damages.[5] In response, Defendant Chase Bank filed a Motion for More Definite Statement, asserting that the Plaintiff asserts no facts supporting his twenty-one causes of action and that full and proper allegations must be made for each cause of action, seeking all appropriate relief, including dismissal, under Rule 12(e). (Def.

---

[5] Paraphrasing the Complaint, Defendant alleges the following: (1) Complaint to Quiet Title & Adverse Possession; (2) Fraud & Multiple Acts of Fraud; (3) Violations of RICO; (4) Violations of Fair Debt Collection Practices Act; (5) Violation of Consumer Credit Protection Act; (6) § 1981 Civil Action for Equal Rights Under Law; (7) § 1983 Civil Action for Deprivation of Rights; (8) § 1985 Conspiracy to Interfere with Civil Rights; (9) § 641 Conspiracy Against Rights; (10) Breach of Duty of Good Faith & Fair Dealing; (11) Breach of Contract; (12) Tortious Interference with Business Contracts; (13) Violations of California's Deceptive Trade Practices Laws; (14) Invasion of Privacy, U.S. Const. & CA Const.; (15) Action for Trespass; (16) Civil Conspiracy; (17) Unjust Enrichment; (18) Negligent Misrepresentation; (19) Complaint to Cancel Fraudulent Mortgage, Fraudulent Deed, and Fake Liens; (20) Complaint for Temporary/Permanent Injunction; (21) Complaint for Declaratory Judgment; Extreme and Outrageous Conduct; Punitive Damages.

Mot. Def. Statement, 2). The Arceneaux Defendants acknowledge the merit of Chase Bank's motion for more definite statement but, on the belief that McZeal will not ever be able to adequately state a viable cause of action, filed a Motion to Dismiss under Rule 12(b)(6). (R. Doc. 32). In their 12(b)(6) motion, the Arceneaux Defendants argue primarily that all of McZeal's claims are barred under the *Rooker-Feldman* doctrine, as they are impermissible collateral attacks on a final state court judgment. (Def. Mem., R. Doc. 32, 4). Secondarily, the Arceneaux Defendants argue that McZeal specifically fails to state any claim under any allegation made in the Complaint under Rule 12(b)(6). (Def. Mot., R. Doc. 32, 2).

## II.  LEGAL STANDARDS

### a. Rule 8 and Rule 9

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). In addition, Rule 8(d) provides that, in general, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. *Twombly*, 550 U.S. at 555. Likewise, a complaint that articulates "naked assertions devoid of further factual enhancement" is similarly insufficient to satisfy the pleading requirements of Rule 8. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (internal punctuation omitted).

3

When the complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for "failure to state a claim upon which relief can be granted." *McManaway v. KBR, Inc*., 906 F. Supp. 2d 654, 660 (S.D. Tex. Dec. 4, 2012). Alternatively, when a complaint does not meet the pleading requirements of Rule 8, it may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. *Santos v. Texas Workforce Comm'n*., No. 08-1869, 2008 WL 4937572 (S.D. Tex. Nov. 17, 2008) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996)); *see also Nevijel v. N. Coast Life Ins. Co*., 651 F.2d 671, 675 (9th Cir. 1981). Rule 41(b) states that "if the plaintiff . . . fails to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The district court also has the inherent authority to dismiss an action under Rule 41(b) *sua sponte*, without motion by a defendant. *Chevalier v. David Wade Corr. Ctr. Sec*., No. 12-2954-P, 2014 WL 769297 (W.D. La. Feb. 26, 2014) (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

The pleading standard under Rule 8 does not apply, however, when the plaintiff specifically alleges fraud in his complaint; under Rule 9(b) the plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is an exception to the liberal federal court pleading requirements embodied in Rule 8(a)." *American Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.,* 115 Fed.Appx. 662, 668 (5th Cir. 2004). While the particularity necessarily differs depending on the facts of each case, the Fifth Circuit has established that "Rule 9(b) requires the plaintiff to allege the particulars of time, place, and

4

contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *Id.* citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994). In addition, even as to pleading scienter generally, "a plaintiff must set forth *specific facts* that support an inference of fraud." *Id.* For example, simply alleging that a defendant "made false statements during negotiations" leading up to an event to induce "someone to enter into a contract with him—without any additional factual support—does not allege the particular time and place of the false representations, nor does it set forth any 'specific facts' to support the inference of fraud. *Id.* at 668. If the plaintiff fails to plead with particularity in accordance with Rule 9(b), a dismissal is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017 (5th Cir.1996).

      b. **Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must state the defects in the pleading and the details desired. *Id.* A party, however, may not use a Rule 12(e) motion as a substitute for discovery. *See Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959). As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored. *See id.* Nevertheless, Rule 12(e) motions are necessary when "the pleadings are unintelligible rather than suffer from a want of detail." *Tipton v. Reynolds*, No. 13-0509, 2013 WL 4854372 (E.D.La. Setp. 10, 2013). Further, the court is given considerable discretion in deciding whether to grant a Rule 12(e) motion. *See Newcourt Leasing Corp. v. Reg'l Bio-*

*Clinical Lab., Inc.,* No. 99-2626, 2000 WL 134700 (E.D. La. Feb. 1, 2000); *Fleming v. Transocean Offshore USA Inc.,* No. 04-2740, 2004 WL 2984325 (E.D.La. Dec. 14, 2004)

### c. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 8. In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all well-pleaded facts in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir. 1980). However, a court is not bound to accept legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), and the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). As the Fifth Circuit explained in *Gonzales v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 128 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A Claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

6

> 'show[n]'—that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir.2009).

In determining whether to grant a motion to dismiss, a district court generally may not "go outside the complaint." *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003); *Castrillo v. Am. Home Mortgage Servicing, Inc.*, 670 F. Supp. 2d 516, 522 (E.D. La. 2009). When ruling on a motion to dismiss a *pro se* complaint, however, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.,* 119 Fed.Appx. 666, 667 (5th Cir. 2005). In addition, a district court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan,* 343 F.3d at 536.

Further, the Fifth Circuit has held that courts must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that "a court 'will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing.'" *Tipton v. Reynolds*, No. 13-509, 2013 WL 4854372 (E.D.La. Sept. 10, 2013). Although *pro se* plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir.2002). Furthermore, this does not exempt the

*pro se* plaintiff from pleading requirements,[6] and "mere conclusory allegations on a critical issue are insufficient." *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

When a district court considers a Rule 12(b)(6) motion to dismiss regarding a *pro se* litigant's complaint, "[g]enerally . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court may dismiss an action on its own motion under Rule 12(b)(6), however, "as long as the procedure employed is fair." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). Any error in failing to grant leave to amend is ameliorated where the district court dismisses without prejudice, *Bazrowx*, 136 F.3d at 1054, or if the plaintiff has already pled his "best case," *Brewster,* 587 F.3d at 767-68. A plaintiff has not pled his "best case" where he fails to "state any material facts he would have included in an amended complaint."[7] A plaintiff may have pled his "best case" not only in those cases "where a plaintiff has actually amended his complaint, [but also in] any case where the pleadings, when viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his *best case.*" *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986). Thus, after being given "adequate opportunity, even a *pro se* complaint must contain specific facts supporting its conclusions," *Jacquez,* 801 F.2d at 793, for "plaintiffs cannot be allowed to continue to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold." *Id.* at 792.

    **d.** *Rooker Feldman*

---

[6] *Dykes v. Gusman*, No. 14-383, 2014 WL 2740408 (E.D. La. June 17, 2014) ("A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.") (citing *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981); *Edwards v. Harris County Sheriff's Office,* 864 F.Supp. 633, 637 (S.D.Tex.1994)); *see also Hughes v. Rowe*, 449 U.S. 5, 9-10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980).
[7] *Id.* (finding the analyses supporting this conclusion in *Shope v. Texas Dep't of Criminal Justice*, 283 Fed.Appx. 225, 226 (5th Cir.2008) and *Goldsmith v. Hood County Jail,* 299 Fed.Appx. 422, 423 (5th Cir.2008) to be persuasive).

8

By "[i]nvoking the *Rooker–Feldman* doctrine, the defendants challenge this Court's subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Storyville Dist. New Orleans, LLC v. Canal St. Dev. Corp.,* 785 F. Supp. 2d 579, 586 (E.D. La. 2011). To avoid prematurely dismissing a case with prejudice, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court must dismiss a lawsuit if it appears that the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1), (h)(3). Thus, the Court must consider the *Rooker-Feldman* doctrine's application as it pertains to the jurisdiction of the Court[8] and as federal courts are duty-bound to examine the basis of subject matter jurisdiction.[9]

The *Rooker-Feldman* doctrine, reduced to its essence, precludes lower federal courts from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate where the federal plaintiff seeks appellate review of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 1526, 161 L. Ed. 2d 454 (2005); *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994). The doctrine effectively maintains the well-established rule that vests exclusive appellate jurisdiction over state court judgments in the Supreme Court. 28 U.S.C. § 1257 (2014); *Exxon*, 544 U.S. at 281, 125 S.Ct. at 1520, 161 L. Ed. 2d 454 (2005).

A state court judgment is attacked under *Rooker-Feldman* "when the federal claims are inextricably intertwined with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."

---

[8] *Truong v. Bank of America, N.A.*, 717 F.3d 377 (5th Cir. 2013); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S. Ct. 1517, 1527, 161 L. Ed. 2d 454 (2005)(explaining that while *Rooker-Feldman* is a jurisdictional matter while preclusion is not).
[9] *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457 (5th Cir. 2004).

*Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (citations and internal quotation marks omitted). This does not preclude federal jurisdiction over an "independent claim, albeit one that denies a legal conclusion that a state court has reached." *Id.* (citing *Exxon Mobil*, 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)). However, the Fifth Circuit has explained that a "federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief" requiring the court, "in essence . . . to review the state-court decision." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

In an effort to clarify application of *Rooker-Feldman* doctrine, the Supreme Court has dictated that the doctrine applies narrowly and is confined to those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The Court reiterated that the doctrine "is not simply preclusion by another name." *Lance v. Dennis*, 546 U.S. 459, 466, 126 S. Ct. 1198, 1202-03, 163 L. Ed. 2d 1059 (2006). Indeed, the Court warned lower courts not to conflate *Rooker-Feldman* with the application of preclusion doctrines:

> A more expansive *Rooker–Feldman* rule would tend to supplant Congress' mandate, under the Full Faith and Credit Act, 28 U.S.C. § 1738, that federal courts give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged. Congress has directed federal courts to look principally to *state* law in deciding what effect to give state-court judgments. Incorporation of preclusion principles into *Rooker–Feldman* risks turning that limited doctrine into a uniform *federal* rule governing the preclusive effect of state-court judgments, contrary to the Full Faith and Credit Act.

10

*Lance v. Dennis*, 546 U.S. at 466, 126 S. Ct. at 1202-03, 163 L. Ed. 2d 1059 (2006) (citations and internal quotation marks omitted).

The Fifth Circuit noted the narrowness of the doctrine in a recent decision when it stated that "although…an independent claim might be limited by preclusion principles, the *Rooker-Feldman* doctrine does not turn all disputes about the preclusive effects of judgments into matters of federal subject-matter jurisdiction." *Truong v. Bank of America N.A.,* 717 F.3d 377, 383 (5th Cir. 2013). In other words, the court must be asked to review and reject a state court judgment resulting from a judicial proceeding and must examine the source of the alleged injury. *Truong,* 717 F.3d at 382 (5th Cir. 2013). The question is whether each claim is "inextricably intertwined" with the state court judgment and thereby barred by *Rooker-Feldman* or whether it an "independent claim" where the injury does not arise from the state court judgment; yet the Fifth Circuit has acknowledged that in answering that question "courts have often ha[ve] difficulty deciding whether a state adjudication and a later federal action are so intertwined that the latter would amount to a review of the former." *In re Erlewine*, 349 F.3d 205, 209 (5th Cir. 2003).

### III.     ANALYSIS

Preliminarily, the Court notes that this matter has both an unusual procedural history and atypical pleadings. In its review of the pleadings, the Court notes that a discerning review of McZeal's Complaint is nearly impossible due to its sheer abstruseness. The Complaint is written in an impenetrably dense, jargon-laden, and largely incomprehensible prose. In fifty-seven pages, the Court strains to find any facts underlying the dispute upon which Plaintiff bases no less than twenty-one numbered claims. Throughout his Complaint, Plaintiff casually issues

insolent remarks about the Defendants[10] and uses haphazard combinations of legal terms to make conclusory statements about Defendants behavior. While Plaintiff often mentions a clear legal source of a cause of action (i.e., the Fair Debt Collection Practices Act), some claims are legally non-existent.[11] Even more baffling is Plaintiff's request for relief, in which he formulates various remedies as being distinct causes of action, namely injunctive relief and declaratory relief, and seeks $16,500,000.00 in damages. (R. Doc. 1, 52-53). Ultimately, undertaking meticulous review of the Complaint, it appears that Plaintiff merely restates conclusory allegations of fraud, theft, or embezzlement under a variety of legal claims and generally seeks to regain possession of and title to the property in addition to damages.[12]

While the jurisdiction of this Court is placed at issue by Defendants' *Rooker-Feldman* argument, the Court cannot divine enough facts, much less make sense of the relief requested, with which to discern whether the instant claims requested are "inextricably intertwined" with the state court judgment.[13] Arguably, some claims may be barred by *Rooker-Feldman*, such as the civil rights claims and constitutional claims. However, those claims which pertain to the Defendants' alleged acts prior to the state court judgment, such as fraud and a violation of the

---

[10] For example, the Plaintiff calls the Defendants' alleged acts "despicable," "treacherous," "harassing," "evil," "diabolical," "outrageous," and "hideous."

[11] The Court is not aware of a Complaint "to Cancel," cannot apply California law to immovable property located in Louisiana, and cannot deduce the source contract for any of Plaintiff's contractual claims.

[12] The Court deduced the "fraud scheme" from three separate discussions in the Complaint. McZeal first mentions the "The Bank One Scam": McZeal alleges that "[t]his is a real estate scam whereby the named defendants JP Morgan Chase sought to use a merger as its basis for ownership of a note which was never actually transferred to JP Morgan Chase, and then subsequently masqueraded as the 'note holder' without any legal basis and then commenced an unlawful foreclosure to illegally foreclose the subject property." (Doc. 1, at 17). Second, McZeal mentions the "The Note Holder Scam" alleging the following: "The note holder scam consisted of defendants claiming to local courts that it was the holder in due course a valuable note which entitled it to certain rights under law, but which in fact was a outright misrepresentation. Defendants made several court appearances to supprot [sic] this misrepresentation." (R. Doc. 1, at 19). Finally, McZeal discusses the "The $50,000 Scam" alleging the following: "This is a scam where defendants presented false information and false documents appearing real to a U.S. Bankruptcy Court for purposes of establishing a legal claim for the sole purpose of taking possession and control of the subject property." (R. Doc. 1, at 21).

[13] See *Lal v. Nix,* 935 F.Supp. 578, 581, 583-84 (E.D.Pa. July 25, 1996), wherein the district judge dismissed the original complaint containing "vague, skeletal, and patently insufficient" allegations and could not rule the *Rooker-Feldman* doctrine applicable or inapplicable and dismissed the amended complaint as being barred by *Rooker-Feldman* or defective for other reasons.

Fair Debt Collection Practices Act, may not be barred by *Rooker-Feldman*.[14] To the extent that *Rooker-Feldman* would not bar these claims, Louisiana state preclusion doctrines would likely bar at least some of these claims.[15]

Jurisdictional arguments aside, the Court finds that these incomprehensible and disjointed claims "do not meet the basic pleading standards of Federal Rule of Civil Procedure 8, much less *Iqbal* and *Twombly*." *Sawyer v. Wright,* 471 F.App'x 260, 261 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 615, 184 L. Ed. 2d 394 (U.S. 2012). Liberally construing McZeal's Complaint, to the extent that his claims are not barred, the claims fail to comply with Rule 8(a).[16] Far from being "simple, concise, and direct" and simply providing a "statement of the claim," McZeal's allegations are convoluted, rambling, and disjointed, providing no clear statement of a claim. McZeal's claims of "fraud" consist of conclusory statements that do not state specific facts sufficient to satisfy Rule 9's requirements and should likewise be dismissed. If the Court cannot determine these facts, neither can the Defendants.[17] Therefore, the Complaint fails to present enough facts with which to place the Defendants on notice as to the claims against them and cannot adequately respond under Rule 12(e). Defendant Chase Bank seeks all relief, including dismissal, under its Rule 12(e) motion, and it is the opinion of this Court that any amendment to the Complaint would prove futile and McZeal would not provide a more definite statement per

---

[14] *See Truong v. Bank of America N.A.,* 717 F.3d 377, 383 (5th Cir. 2013).
[15] *See Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457 (5th Cir. 2004).
[16] *See DiCosola v. CitiMortgage, Inc.*, No. 11 C 2308, 2011 WL 4808188 (N.D. Ill. Oct. 11, 2011) (dismissing indecipherable claims under *Rooker*-Feldman and 12(b)(6)); *Langham v. Bank of America, N.A.,* No. 13-CA-835, 2013 WL 6667707 (W.D.Tex. Dec. 16, 2013) (dismissing disjointed and conclusory allegations for failure to comply with Rule 8(a)); *Sawyer,* 471 F.App'x at 261 (dismissing incomprehensible and disjointed allegations for failing to allege subject matter jurisdiction much less stating a claim for relief under 12(b)(6)).
[17] *See Reedom v. Jones*, No. 10-375, 2010 WL 4875636, *2 (E.D.La. Nov. 22, 2010) (finding that neither the court nor defendants would be able to determine the alleged conspiracy at issue from one-word allegations of "fraud").

the relief requested under Rule 12(e).[18] Therefore, this Court acts under Rule 12(b)(6), as requested by the Arceneaux Defendants. As Wright and Miller explain:

> If the movant believes the opponent's pleading does not state a claim for relief, the proper course is a motion under Rule 12(b)(6) rather than Rule 12(e). If the pleading is impermissibly vague, the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated.[19]

In this matter, McZeal has filed a Complaint that alleges largely the same claims that he brought before the Louisiana district court, which the Louisiana court denied.[20] After providing no opposition to the Defendants' motions, the Court notified McZeal of the pending motions and gave him an extension of time of nearly two weeks to respond to the motions rather than dismissing the motions as unopposed. (R. Doc. 35). McZeal failed to comply with this deadline, filing his responses three days late. (R. Docs. 27; 32). Moreover, his responses almost entirely fail to respond to the Defendants' arguments and instead urge that his Complaint does not lack sufficient facts or fail to state a claim and that the Defendants' motions should be dismissed as being only "made for the purpose of delay" or for being mailed to an incorrect address.

Specifically, in his Response to the Motion for More Definite Statement, McZeal states that Chase Bank "failed to request what detail it needed" and that the motion is "defective in every respect and should be denied in its entirety" as being made for purposes of delay. (R. Doc. 38, 2). McZeal states that "the fraud claim contained in this case has the requisite pleadings in order to alert JP Morgan Chase Bank, NA to what is being alleged against it." *Id.* In his response to the Motion to Dismiss, McZeal contends that the Defendants have "clearly failed to address

---

[18] *See, e.g.*, *Hamilton v. United Parcel Service, Inc.*, No. 11-CV-240, 2012 WL 760714 (E.D.Tex. Feb. 13, 2012) (finding proposed complaint that did not state any additional material facts did not cure legal deficiencies in original complaint and that amendment would be futile).
[19] 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1376 (3d ed. Supp. 2014).
[20] *See* Def. Mot. to Dismiss, R. Doc. 32-2, Ex. 4. McZeal sought a TRO and an injunction as well as declaratory relief, alleging *inter alia* fraud, "complaint to quiet title," conspiracy, negligent misrepresentation, negligence, gross negligence, unjust enrichment, embezzlement, and deceptive trade practices.

14

the all [*sic*] of the causes of action for which it request [*sic*] dismissal, and therefore the motion is utterly and materially defective, including, but not limited to the service of the instrument," which was initially mailed to the incorrect mailing address. (R. Doc. 40, 6).  He also contends that "the fraud claims . . . are sufficiently pleaded and . . . plaintiff's [*sic*] have an absolute right to amend." (R. Doc. 40, 6).  He further objects to the Motion to Dismiss stating that the motion was not properly served on him, that it contains no proposed order, and that it is a mere "shot gun" motion seeking "improper dismissal" on the twenty-one causes of action, which the Defendants fail to address in their entirety. (R. Doc. 40, 8-9). McZeal simply states "there is sufficient information in the complaint under Rule 8(a) to avoid dismissal under rule 12(b)(6) in this matter," and that "[i]n actuality, the causes of action are sufficiently pleaded and there is more than sufficient information in the complaint in order for the defendants to answer." (R. Doc. 40, 9).  In essence, McZeal is not seeking additional information and is stating that he has pled his best case and no clarification is required.

In *Jacquez v. Procunier*, under the particular circumstances in that case, the Fifth Circuit dismissed the *pro se* plaintiff's complaint under Rule 12(b)(6) despite not having amended the complaint and having only filed extensive responses to the defendants' motion to dismiss. 801 F.2d 789 (5th Cir. 1986).  The Plaintiff's responses repeated "verbatim sections of the complaint the plaintiff believes satisfy the heightened pleading requirements of § 1983 actions and engages in extensive repleading of the 'facts' and law he thinks relevant." *Id.* at 792.  Similarly, the Ninth Circuit dismissed a case under Rule 41(b) for failure to comply with Rule 8(a) where the forty-eight page complaint was overly verbose, confusing, and "almost entirely conclusory" and the appellants failed to respond for over nineteen months. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674-75 (9th Cir. 1981).  Here, just as the plaintiff in *Jacquez* "[r]epeatedly . . . declares the

adequacy of his complaint," 801 F.2d 789, 793, McZeal does not admit that his Complaint was deficient in any aspect nor does he supply or seek any additional "facts" to support his claims. *Id.* The Court is satisfied that McZeal had ample time and opportunity to re-examine the sufficiency of his Complaint after being notified of the Defendants' motions and has had sufficient opportunity to effectively plead his "best case." Considering "materials subsequently filed" as "amendments to the complaint,"[21] McZeal's responses fail to state any material fact that he would have included in his Complaint.[22] McZeal makes clear in his responses that he considers his Complaint "sufficient" and well-pled, despite the obvious lack of facts and coherency, and instead of addressing the Defendants' contentions alleges that the motions were filed for purposes of delay and dismisses the motions as meritless. The Court considers the lack of response by the Plaintiff as a waiver of those arguments.[23] Nevertheless, dismissal is warranted for the Complaint's failure to state a cognizable claim.

Under the facts of this particular—and unusual—case, granting the plaintiff the right to amend would be contrary to logic, extremely unfair, and would extend frivolous litigation that has absolutely no chance for resuscitation. In this Court's firm opinion, the Complaint is simply too incoherent, bizarre, and unfounded to infer that any further amendment would provide facts sufficient to state a claim. Although it is generally this Court's practice to allow amendment, in

---

[21] *See Howard,* 707 F.2d at 220. ("[T]he court was required to look beyond the [*pro se* plaintiffs'] formal complaint and to consider as amendments to the complaint those materials subsequently filed. The court failed to consider the inmates' motion, memorandum in support, and affidavit, as amendments to the complaint. These documents embellished the original complaint's averments, and each should have been considered.")(internal citation omitted).
[22] *See Brewster,* 587 F.3d at 767-68.
[23] Several district courts have considered arguments waived where plaintiffs fail to address an issue in response or opposition to a pending motion. *See, e.g.*, *Mayo v. Hailburton Co.*, No. 10-1951, 2010 WL 4366908 (S.D.Tex. Oct. 26, 2010); *Jones v. Jefferson Parish*, No. 12-2191, 2013 WL 871539 (E.D.La. Mar. 8, 2013). "The Fifth Circuit consistently holds that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal." *Williamson v. Watco Companies, Inc.,* No. 09-1255, 2010 WL 4117745 (W.D. La. Oct. 13, 2010) (citing *Lookingbill v. Cockrell,* 293 F.3d 256, 264 (5th Cir.2002); Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir.1999)). "By analogy, failure to brief an argument in the district court waives that argument in that court." *Id.* citing (Lo*pez v. River Oaks Imaging & Diagnostic Grp., Inc*., 542 F.Supp.2d 653, 658 n. 9 (S.D.Tex.2008)).

this case it would be clearly a vain and useless exercise and an unnecessary expense for the Defendants as well as a waste of judicial resources. In sum, given McZeal's recalcitrance in examining the sufficiency of his Complaint and in the interests of judicial efficiency and fairness to the Defendants, the Court finds that allowing McZeal to amend would be futile and gives rise to the inference that McZeal will not be able to state a claim for relief. Thus, the Court hereby dismisses the Complaint with prejudice pursuant to Rule 12(b)(6) or, alternatively, under Rule 41(b) for failure to comply with Rule 8(a) and Rule 9(b).

Accordingly,

**IT IS ORDERED** that the Motion for More Definite Statement Pursuant to Rule 12(e) filed by Defendant J.P. Morgan Chase Bank, N.A., (R. Doc. 27) is **GRANTED,** insofar as it requests dismissal of the Complaint, and that the Motion to Dismiss under Rule 12(b)(6) filed by Defendants Louis Graham Arceneaux; Stacy C. Wheat; and Graham, Arceneaux & Allen (R. Doc. 32) is hereby **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this  7th  day of       July      , 2014.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE